```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x

ALYSIA DAVINA JONES and PIERRE MERLIN
KAMTCHI,
                                            **MEMORANDUM & ORDER**
                    Plaintiffs,             23-CV-5742 (EK)(LB)


              -against-


ACS/QUEENS FIELD OFFICE, ALETHEA
STOWE, NEW YORK STATE/OFFICE OF
CHILDREN AND FAMILY SERVICES, and
KATHY HOCHUL,

                    Defendants.

----------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiffs Alysia Jones and Pierre Kamtchi filed this action in the United States District Court for the Southern District of New York. ECF No. 1. Chief Judge Laura Taylor Swain then transferred the action to this court. ECF No. 4. Proceeding *pro se*, plaintiffs have moved for leave to proceed *in forma pauperis*. ECF Nos. 2, 8. Those motions are denied without prejudice to renew, for the reasons discussed below.

The *IFP* statute is designed to ensure that indigent persons have equal access to the judicial system. *Davis v. NYC Dept. of Educ.*, No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010).[1] A plaintiff seeking to proceed *IFP* must submit

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

an affidavit stating "that the person is unable to pay" filing fees "or give security therefor." 28 U.S.C. § 1915(a)(1). He or she must also include "a statement of all assets" the person possesses. *Id.* Section 1915 authorizes a court to dismiss a case brought by a plaintiff requesting to proceed *IFP* if the "allegation of poverty is untrue," 28 U.S.C. § 1915(e)(2)(A), and courts in this district regularly invoke that provision. *See, e.g., Miller v. Smith*, No. 21-CV-2949, 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021); *Humphrey v. U.S. Army Corps of Engineers*, No. 21-CV-1901, 2021 WL 1837791, at *1 (E.D.N.Y. May 7, 2021). "When an applicant fails to explain how he supports himself, courts generally regard his application as incomplete and insufficient to establish an entitlement to *in forma pauperis* status." *Dan M. v. Kijakazi*, No. 22-CV-664, 2022 WL 2069112, at *2 (D. Conn. May 19, 2022).

Here, plaintiffs' financial declarations — which are essentially duplicates of each other — indicate that they have no assets or income, but offer no alternative explanation of how the plaintiffs support themselves (or, as the case may be, are supported by others). *See* ECF Nos. 2, 8. Plaintiffs left blank the section of the form directing them to write their gross monthly pay, and checked boxes indicating that they do not receive income from any other sources, have no money in cash or in a checking or savings account, have no assets whatsoever, and

have no financial dependents. ECF Nos. 2, 8 ¶¶ 1-5, 7. Despite her lack of income or assets, Jones indicated that one of her monthly expenses is "housing," although she noted that she is "really behind on payments." ECF No. 2 at ¶ 6.

Plaintiffs' affidavits are insufficient to support *IFP* status. "Because no one can live on no income and no assets," affidavits asserting that the plaintiff has no income and no assets *without further explanation* "must be incomplete and, by extension, fail to support *in forma pauperis* status." *Amanda M. v. Kijakazi*, No. 22-CV-353, 2022 WL 1395941, at *1 (D. Conn. Apr. 29, 2022); *see also Pierre v. City of Rochester*, No. 16-CV-6428, 2018 WL 10072449, at *1 (W.D.N.Y. Dec. 13, 2018) (denying an *IFP* motion because the plaintiff claimed he had no assets or income but "offer[ed] no explanation for how he survives day-to-day or how his monthly expenses are paid").

One potential explanation, which "a court may consider" when "assessing an application to proceed *in forma pauperis*," is that the applicant has access to resources "from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002). Those resources, though not the plaintiff's own assets or income, may be considered on an *IFP* application. *Id.* But where, as here, the affidavits do not

"fully and candidly explain[] how [the plaintiffs] support" themselves, or who else supports them, *IFP* status is inappropriate. *Robert B. v. Kijakazi*, No. 22-CV-1046, 2022 WL 4112082, *2 (D. Conn. Aug. 29, 2022).

Accordingly, plaintiffs' *IFP* applications are denied without prejudice to renew. Plaintiffs are granted until June 28 to file separate, complete Long Form *IFP* applications providing the information necessary to make an indigency determination, including an explanation of how the plaintiffs support themselves.  Otherwise, they have until June 28 to pay the $402 filing fee.

If plaintiffs fail to file separate Long Form *IFP* applications or to pay the filing fee by June 28, the case shall be dismissed.  The Clerk of Court is directed to send two separate Long Form *IFP* applications to plaintiffs along with this Order.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose

of any appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

        SO ORDERED.

                                   /s/ Eric Komitee
                                ERIC KOMITEE
                                United States District Judge

Dated:     June 3, 2024
            Brooklyn, New York